No. 13,476.

Shirley Garage, Inc. *v.* Douglas.

(30 P. [2d] 1115)

Decided March 12, 1934. Rehearing denied April 2, 1934.

Mr. BENTLEY M. McMULLIN, for plaintiff in error.

No appearance for defendant in error.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THIS is an action for damages arising out of an automobile collision. There are no pleadings, the first trial being before a justice of the peace. On appeal to the county court the trial was de novo, a jury was duly waived, and evidence taken. Judgment went against the plaintiff company, which is the plaintiff in error, both on its claim against the defendant and on the defendant's counterclaim. For convenience we refer to the car driven by plaintiff's employee as plaintiff's car. The plaintiff concedes the conclusiveness of the judgment against it on its own claim. It strenuously contends, however, that the affirmative judgment for damages against it should be reversed.

There was conflicting evidence as to the facts and circumstances surrounding the collision. This took place in the intersection of East Colfax avenue and Lincoln street in the city of Denver. Plaintiff's evidence showed that its car was traveling north on Lincoln street and reached the intersection at a speed of twenty to twenty-five miles an hour. According to defendant's admission her car, which was moving eastward on East Colfax avenue, had a speed of fifteen to twenty miles an hour just before getting to the intersection.

For the purposes of this case it may be assumed that the defendant's car was violating the Denver traffic ordinance which requires the decreasing of speed, by the left-hand car at a street intersection, to ten miles an

hour. We may similarly assume that the defendant was therefore guilty of negligence. It may also be assumed, for the sake of the discussion, that the ordinance accorded the plaintiff's car the right of way because it was approaching from the defendant's right. In other words, we are supposing, for the moment, that the defendant was guilty of a twofold violation of the traffic rules, and so was doubly chargeable with negligence.

 It was the province of the county judge, sitting without a jury, to determine the credibility of the witnesses, the weight of the evidence, and the law of the case. The evidence preserved in the record before us does not include a certain diagram referred to therein by the witnesses and used by them to illustrate the transaction. It may well be that this graphic demonstration was the decisive factor in the problem confronting the trial judge. The record shows that the diagram was marked by the witnesses in explanation of their testimony, but those markings are not before us. The record also discloses that the witnesses elucidated their oral statements by pointing out on the diagram—without marking—various places, lines and angles in question; but neither are these matters presented for our inspection. We must not underestimate the help derived by the trial judge from these unpreserved interpretations. Even assuming the alleged admissions of the defendant and her witness, we nevertheless cannot say that the diagram did not reasonably prove the defendant's damage to have been the natural and direct consequence of plaintiff's negligence. Likewise, indulging the usual presumptions of regularity in the trial, we presume—in the absence of pleadings and instructions and of statements by the judge indicating misconceptions of the applicable legal principles—that, though the court may have believed the defendant herself was negligent, it further believed such negligence (if any) not to have been a contributing cause of the personal and property injury

she sustained. We are bound by the conclusions of the trial court.

Judgment affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BUTLER concur.